NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1444

COMMONWEALTH

vs.

AMBER IVY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In April 2013 the defendant was charged with operating a motor vehicle while under the influence of alcohol (OUI) and negligent operation of a motor vehicle, and the civil infractions of speeding and marked lanes violation.  In June 2014 the defendant admitted to sufficient facts to support a guilty finding on the OUI charge and received a continuance without a finding.  The Commonwealth dismissed the remaining charges as part of the plea offer.

In July 2023 the defendant filed a "motion to withdraw guilty plea" on the ground of misconduct involving the State Police Office of Alcohol Testing (OAT) and its use of the Draeger Alcotest 9510 breathalyzer device.  A judge of the

District Court denied the motion, concluding that the defendant failed to establish a reasonable probability that she would not have admitted to sufficient facts had she known of OAT's misconduct, and the defendant appeals.  We affirm.

Background.  Because of the age of the case, there is no recording of the hearing at which the defendant tendered her admission.  The parties agreed, however, that the police report and the breath test results provided the factual basis for the admission.  The following facts are summarized from the police report.

On April 14, 2013, at approximately 2:15 A.M., Trooper Christopher Meleo was on patrol on Route 195 in Fall River when he saw a vehicle traveling in front of him with sparks coming from the undercarriage.  He noticed that a piece of the vehicle was dragging on the road, making a loud grinding noise.  The vehicle, which was traveling in the right lane, crossed into the middle lane numerous times and appeared to be speeding.  Using the speedometer in his cruiser, Trooper Meleo "clocked" the vehicle for approximately one mile and determined that it was traveling at eighty miles per hour, well over the posted limit of fifty-five miles per hour.  He then saw the vehicle cross from the right lane into the middle and left lanes and over the yellow line, before nearly colliding with the median barrier.

2

Trooper Meleo stopped the vehicle as soon as it was safe to do so. As he approached, the driver, later identified as the defendant, rolled down her window. Trooper Meleo immediately smelled an odor of alcohol coming from the vehicle. The defendant could not locate her driver's license, had bloodshot and glassy eyes and slurred speech, and admitted to having one drink. When Trooper Meleo asked her to recite the alphabet, the defendant made it about halfway through before she "started to mumble the letters inaudibly then started from the middle again before stopping altogether." Upon administering the horizontal gaze nystagmus test, Trooper Meleo noticed that the defendant "displayed lack of smooth pursuit in both eyes."

Based on these observations, Trooper Meleo asked the defendant to step out of the vehicle to perform additional field sobriety tests. The defendant placed both hands on the door as she got out and was unsteady on her feet as she walked to the front of the vehicle. On the walk and turn test, which the defendant attempted twice, she started before Trooper Meleo completed the instructions, missed heel to toe numerous times, and frequently stepped off the line. On the one leg stand test, the defendant swayed as she stood in the starting position, could not keep her foot off the ground for more than one to two seconds, and tipped backwards and had to place a hand on her vehicle to regain balance. Attempting the test a second time,

the defendant was able to hold her foot up for eight seconds before stumbling backwards.

Forming the opinion that the defendant was under the influence of alcohol, Trooper Meleo placed her under arrest. At this point the defendant became belligerent and uncooperative. She accused Trooper Meleo of being a "crooked cop," told him that she was a "CNA,"[1] and in a menacing tone said, "one day I may get to take care of your mother." Once they arrived at the State Police barracks, the defendant's demeanor fluctuated from aggressive to tearful to normal. The defendant agreed to take a breath test, which revealed a blood alcohol content of .14 percent.

Discussion. We review the judge's denial of the defendant's motion for abuse of discretion or significant error of law. See Commonwealth v. Hallinan, 491 Mass. 730, 744 (2023). Under Hallinan, supra at 748, the defendant was entitled to a conclusive presumption of egregious government misconduct because she "submitted to a breath test on an Alcotest 9510 device last calibrated and certified prior to April 18, 2019." The question is whether the defendant "established a reasonable probability that she would not have tendered her admission to sufficient facts if she had known that

---

[1] We presume this to mean certified nursing assistant.

4

the breathalyzer results would be excluded."  Id. at 750.

"Establishing such a reasonable probability requires examining

the totality of the circumstances" guided by several factors,

which include:

> "(1) whether evidence of the government misconduct could
> have detracted from the factual basis used to support the
> guilty plea, (2) whether the evidence could have been used
> to impeach a witness whose credibility may have been
> outcome-determinative, (3) whether the evidence is
> cumulative of other evidence already in the defendant's
> possession, (4) whether the evidence would have influenced
> counsel's recommendation as to whether to accept a
> particular plea offer, and (5) whether the value of the
> evidence was outweighed by the benefits of entering into
> the plea agreement."

Id., quoting Commonwealth v. Scott, 467 Mass. 336, 355-356

(2014).

Applying these factors here, we discern no abuse of

discretion in the judge's denial of the defendant's motion.  The

defendant was charged with OUI on alternative theories that she

drove while impaired or with a blood alcohol content of .08

percent or higher.  The evidence of OAT's misconduct relating to

the Alcotest 9510 device would not have detracted from the

evidence of the defendant's impairment, which was substantial.

She drove at a high rate of speed while dragging a piece of her

vehicle on the ground, drifted in between lanes, and almost

collided with the median.  She also failed several field

sobriety tests, admitted to drinking, and "exhibited classic

symptoms of alcohol intoxication," such as odor of alcohol,

5

bloodshot and glassy eyes, slurred speech, belligerent demeanor, and unsteadiness on her feet.  Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).  Moreover, as the judge observed, Trooper Meleo's interaction with the defendant was far more extensive than the "fairly brief interaction" in Hallinan, 491 Mass. at 750, and the evidence of OAT's misconduct would not have impeached his credibility as to his observations of the defendant's appearance and demeanor.

In addition, unlike in Hallinan, 491 Mass. at 751, the defendant's motion was not supported by an averment from plea counsel that, had she known of OAT's misconduct, she would have advised the defendant to go to trial.  Plea counsel's affidavit stops short of this, stating only that "[i]f the breathalyzer results were excluded, . . . [she] would have considered trying the case."  And further unlike in Hallinan, supra, the defendant received a substantial benefit from accepting the plea offer. Not only did she receive a favorable disposition of a continuance without a finding on the OUI charge, the Commonwealth dismissed the remaining charges, including the charge of negligent operation, which carried a potential punishment of up to two years' imprisonment and an additional sixty-day suspension of the defendant's driver's license.  See G. L. c. 90, § 24 (2) (a).

In light of all of these factors, the judge properly determined that the defendant failed to demonstrate a reasonable probability that she would have gone to trial had she known that the breath test results would be excluded.  Accordingly, the judge did not abuse his discretion in denying the defendant's motion.

<u>Order denying motion to withdraw guilty plea affirmed</u>.

By the Court (Shin, Grant & Smyth, JJ.[2]),

Clerk

Entered: September 19, 2024.

---

[2] The panelists are listed in order of seniority.